UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RETIREMENT PROGRAM FOR EMPLOYEES OF THE TOWN OF FAIRFIELD; RETIREMENT PROGRAM FOR FAIRFIELD POLICE AND FIREMEN'S RETIREMENT SYSTEM; BOARD OF TRUSTEES OF THE NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND; and NEW ENGLAND HEALTH CARE EMPLOYEES PENSION FUND, on behalf of themselves and all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC<br><br>　　　　　　　Defendant. | No. 20 Civ. 5817 (KPF) |
| TEAMSTER MEMBERS RETIREMENT PLAN f/k/a GCIU INTER-LOCAL PENSION PLAN; BOARD OF TRUSTEES OF TEAMSTER MEMBERS RETIREMENT PLAN; BRICKLAYERS AND MASONS' LOCAL UNION NO. 5, OHIO PENSION FUND; BOARD OF TRUSTEES OF BRICKLAYERS AND MASONS' LOCAL UNION NO. 5, OHIO PENSION FUND; and RASMANI BHATTACHARYA and CLAUDE PUMILIA, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiffs,<br>　v.<br><br>ALLIANZ GLOBAL INVESTORS U.S. LLC<br><br>　　　　　　　Defendant. | No. 20 Civ. 7154 (KPF) |

**ORDER CONSOLIDATING PUTATIVE CLASS ACTIONS AND APPOINTING SCOTT+SCOTT ATTORNEYS AT LAW LLP AND SILVER GOLUB & TEITELL LLP AS INTERIM CO-COUNSEL FOR THE PUTATIVE CLASS**

WHEREAS, on December 24, 2020, on behalf of themselves and a putative class, the Retirement Program for Employees of the Town of Fairfield, the Retirement Program for Fairfield Police and Firemen's Retirement System, the Board of Trustees of the New England Health Care Employees Pension Fund and the New England Health Care Employees Pension Fund (collectively the "*Fairfield* Plaintiffs") filed their Second Amended Class Action Complaint (the "*Fairfield* Action") against Allianz Global Investors U.S. LLC ("AllianzGI" or "Defendant") arising out of the collapse of AllianzGI's Structured Alpha hedge funds (the "Funds") in which *Fairfield* Plaintiffs had invested;

WHEREAS, on December 29, 2020, on behalf of themselves and a similarly defined putative class, Teamster Members Retirement Plan f/k/a GCIU Inter-Local Pension Plan; Board of Trustees of Teamster Members Retirement Plan; Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund; Board of Trustees of Bricklayers and Masons' Local Union No. 5, Ohio Pension Fund; and Rasmani Bhattacharya and Claude Pumilia (collectively, the "*Teamster* Plaintiffs") filed their Second Amended Complaint (the "*Teamsters* Action"), alleging substantially similar facts and claims for relief against AllianzGI as those alleged in the *Fairfield* Action;

WHEREAS, the *Fairfield* Plaintiffs and the *Teamster* Plaintiffs are hereafter referred to as "Class Plaintiffs," and the class that Class Plaintiffs purport to represent are hereafter referred to jointly as the "putative class";

WHEREAS, consolidation of the *Fairfield* Action and the *Teamsters* Action collectively, the "Actions") will promote the orderly and efficient administration of justice with respect to the claims asserted therein on a class-wide basis; and

1

WHEREAS, counsel for Class Plaintiffs and for Defendant have conferred, and Defendant has advised Class Plaintiffs that Defendant (i) takes no position on the appointment of Scott+Scott Attorneys at Law LLP ("Scott+Scott") and Silver Golub & Teitell LLP ("Silver Golub & Teitell") as interim co-counsel for the putative class pursuant to Fed. R. Civ. P. 23(g)(3), and (ii) based on the facially similar allegations made in the two actions, does not oppose the consolidation of the *Fairfield* and *Teamsters* Actions, subject to all of its rights to oppose class certification and all of its other rights and defenses, both procedural and substantive;

**IT IS HEREBY ORDERED AS FOLLOWS:**

Class Plaintiffs' Motion for Consolidation and Appointment of Interim Class Co-Counsel is GRANTED as follows:

**A.   Consolidation of All Class Actions**

1. Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the *Fairfield* and *Teamsters* Actions shall be consolidated, and Class Plaintiffs shall file a consolidated amended complaint (the "CAC") in the resulting consolidated action (the "Consolidated Action") no later than 21 days after entry of this Order.

2. *Teamster Members Retirement Plan et al. v. Allianz Global Investors U.S. LLC*, No. 1:20-cv-7154-KPF (S.D.N.Y.) shall be designated the "Lead Case File" for the Consolidated Action. A docket sheet shall be maintained for the Consolidated Action, which shall include all filings in the Consolidated Action.

3. Every pleading or motion filed in the Lead Case file for the Consolidated Action shall bear the following caption:

| | |
|---|---|
| IN RE ALLIANZGI STRUCTURED ALPHA CLASS ACTION LITIGATION | Lead Case No. 1:20-cv-7154-KPF <br><br> Hon. Katherine P. Failla |

4.  The Clerk shall close docket 1:20-cv-05817-KPF, and shall make a notation on docket 1:20-cv-05817-KPF upon entry of this Order that any future submissions relating to the *Fairfield* Action shall be filed only in the Lead Case File, and no further papers shall be filed in the 1:20-cv-05817-KPF docket.

**B.     Appointment of Interim Class Counsel for the Putative Class**

5.  Pursuant to Rule 23(g)(3) of the Federal Rules of Civil Procedure, the Court appoints the following firms as interim co-counsel for the putative class ("interim co-counsel"):

SCOTT+SCOTT ATTORNEYS AT LAW
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Tel.: (212) 223-6444

SILVER GOLUB & TEITELL LLP
One Landmark Square, 15th Floor
Stamford, CT 06901
Tel.: (203) 325-9444

6.  Scott+Scott and Silver Golub & Teitell shall be responsible, either personally or by designee, for the overall conduct of the Consolidated Action on behalf of all Class Plaintiffs and the putative class. As interim co-counsel, Scott+Scott and Silver Golub & Teitell shall have the authority to:

    a.   Promote the efficient conduct of the Consolidated Action and avoid unnecessary duplication and unproductive efforts by making and supervising all work assignments;

    b.   Prepare and file the CAC and any subsequent pleadings in the Consolidated Action;

    c.      Conduct all pretrial, trial, and post-trial proceedings on behalf of all Class Plaintiffs and the putative class in the Consolidated Action;

    d.      Conduct or coordinate discovery on behalf of all Class Plaintiffs and the putative class consistent with the Federal Rules of Civil Procedure and applicable orders of this Court, including preparing (or responding to) written discovery requests and examining (or defending) witnesses in depositions on behalf of all Class Plaintiffs and the putative class in the Consolidated Action;

    e.      Consult with and retain expert witnesses on behalf of Class Plaintiffs and the putative class;

    f.      Negotiate with, retain, and manage relations with outside vendor(s) on behalf of all Class Plaintiffs and the putative class for the collection, processing, or review of documents and electronically stored information produced in discovery;

    g.      Conduct or coordinate on behalf of all Class Plaintiffs and the putative class (including through Liaison Counsel acting on behalf of all plaintiffs in certain related actions as contemplated by the Court's prior case management orders covering this action and various related non-class actions) negotiations with defense counsel regarding search and production protocols and the management of the review of documents produced by Defendant and third parties (and production of documents by Class Plaintiffs);

      h.      Coordinate and communicate on behalf of all Class Plaintiffs and the putative class as necessary with counsel for the plaintiffs and other parties in the non-class action litigations to ensure efficient use of such other parties', the Class Plaintiffs', the Defendant's, and the Court's time;

      i.      Negotiate on behalf of Class Plaintiffs and the putative class with defense counsel with respect to any class-wide settlement, consistent with the requirements of Fed. R. Civ. P. 23, of any class-wide claims asserted in the above captioned class actions or in the CAC; and

      j.      perform such other duties on behalf of Class Plaintiffs and the putative class as may be customary, necessary and/or appropriate, or as authorized by further order of the Court.

7.      No motion shall be initiated or filed on behalf of Class Plaintiffs or the putative class except as authorized by interim co-counsel.

8.      No communications between or among any of Class Plaintiffs' counsel shall be taken as a waiver of any privilege or protection to which any Class Plaintiff would otherwise be entitled.

9.      Nothing herein shall be deemed or construed to modify or otherwise interfere with this Court's prior case-management orders relating to the coordination of certain pre-trial and discovery matters with other related individual actions brought against Defendant that are pending before this Court, or to modify or otherwise interfere with the rights of any of the parties in any pending related actions that have been brought on a non-class basis (including the rights of those parties to manage their separate litigations, consistent with the Court's prior case management orders).

The Clerk of Court is further directed to terminate the pending motion at docket entry 110 in 20 Civ. 7154.

**SO ORDERED.**

Dated this 14 day of February, 2022.

*Katherine Polk Failla*

Hon. Katherine Polk Failla
United States District Judge
Southern District of New York